UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRENDA HERRON,<br><br>    Plaintiff,<br><br>    v.<br><br>GOLD STANDARD BAKING, INC.,<br><br>    Defendant. | No. 20 C 7469<br><br>Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Brenda Herron alleges that her former employer, Gold Standard Baking ("GSB"), violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/15 ("BIPA"). GSB moves to stay this matter pursuant to the *Colorado River* doctrine until an earlier-filed state court case is resolved. R. 50. For the following reasons, that motion is denied.

**Background**

Herron filed a complaint in the Circuit Court of Cook County on November 30, 2020, which GSB removed to this Court on December 17, 2020. *See* R. 1; R. 1-1. Herron alleges that she worked for GSB for roughly 16 months beginning in 2017, where she was required to use a fingerprint scanner to clock in and out of work. R. 1-1 ¶¶ 7, 9. GSB allegedly did not inform Herron in writing that it was collecting or storing her biometric data, why it was collecting, storing, and using her biometric data, or how long it planned to do so. *Id.* ¶¶ 15–17. Herron does not specify the applicable subsection but appears to assert violations of Section 15(b) of BIPA. *Id.* ¶

1

20. Herron seeks $5,000 for each intentional and/or reckless violation and $1,000 for each negligent violation, along with attorneys' fees and costs. *Id.* at p. 3–4.

Relevant here, Janeen Johnson filed a putative class action complaint against GSB and Elite Labor Services, Ltd. on July 18, 2018 in the Circuit Court of Cook County. *See Johnson v. Gold Standard Baking, Inc. and Elite Labor Services, Ltd.*, No. Case No. 2018 CH 09011 (Cook County Cir. Ct. 2018) ("*Johnson*"). Johnson alleges that she worked at GSB from 2017 to 2018, where she was required to clock in and out of work by scanning her fingerprint. R.17-4 ¶¶ 43–46. She alleges that GSB did not inform her in writing that her biometric data was being collected, stored, and used or of the purpose or length of time of the collection, use, and storage. *Id.* ¶¶ 10, 47–49. Johnson asserts claims under Sections 15(a), 15(b), and 15(c) of BIPA on behalf of herself and a putative class comprised of "all individuals working for any Defendant in the State of Illinois who had their fingerprints collected, captured, received, obtained, maintained, stored or disclosed by any Defendant during the applicable statutory period." *Id.* ¶¶ 56, 66–96. She seeks $5,000 for each reckless BIPA violation or, alternatively, $1,000 for each negligent BIPA violation, along with attorneys' fees and costs. *Id.* at p. 20. According to the parties, *Johnson* is presently pending, and a class has not yet been certified. R. 50 at 7; R. 54 at 5–6.

## Discussion

GSB argues that this case should be stayed under the *Colorado River* doctrine. That doctrine provides that "a federal court may stay or dismiss a suit in federal court when a concurrent state court case is underway, but only under exceptional circumstances and if it would promote wise judicial administration." *Freed v. J.P.*

2

*Morgan Chase Bank, N.A.*, 756 F.3d 1013, 1018 (7th Cir. 2014) (quoting *Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800, 818 (1976)). In determining whether to abstain, a court's task is "not to find some substantial reason for the *exercise* of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist exceptional circumstances, the clearest of justifications, that can suffice under *Colorado River* to justify the *surrender* of that jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25–26 (1983) (emphases in original). The Supreme Court has "emphasized that federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'" *AXA Corporate Solutions v. Underwriters Reins. Corp.*, 347 F.3d 272, 278 (7th Cir. 2003) (quoting *Colorado River*, 424 U.S. at 817).

The *Colorado River* analysis has two steps. "The first question is whether the concurrent state and federal actions are actually parallel. If so, the second question is whether the necessary exceptional circumstances exist to support" abstention. *DePuy Synthes Sales, Inc. v. OrthoLA, Inc.*, 953 F.3d 469, 477 (7th Cir. 2020). At the first step, "[t]wo suits are considered parallel when substantially the same parties are contemporaneously litigating substantially the same issues in another forum. Formal symmetry is unnecessary, as long as there is a substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Id.* at 477–48 (cleaned up).

At first glance, this case and *Johnson* appear similar. Both cases allege that GSB's use of a biometric timeclock violated Section 15(b) of BIPA. Both cases are

3

brought by individuals who worked at GSB and used the timeclock to clock in and out of work. And both cases seek statutory damages and attorneys' fees and costs. However, Herron is not a named plaintiff in *Johnson*, and because no class has been certified in *Johnson*, she is not a party to that case. *See Morlan v. Universal*, 298 F.3d 609, 616 (7th Cir. 2002) ("[U]ntil certification there is no class action but merely the prospect of one; the only action is the suit by the named plaintiffs."). Further, Herron intends to opt out of any class that is certified in *Johnson*. R. 54 at 1. As such, she would not be bound by any judgment or settlement reached nor barred from relitigating her claims. While GSB raises remote possibilities where Herron would not be able to opt out, such as bankruptcy or incapacitation, it does not argue that either of those circumstances are present now or likely to occur in the near future. Thus, notwithstanding the facial similarity between the cases, there is not a substantial likelihood that *Johnson* will resolve Herron's BIPA claim in this case.

GSB emphasizes that the parties need not be the same in the two suits to warrant *Colorado River* abstention so long as the parties' interests are "nearly identical." *Clark v. Lacy*, 376 F.3d 682, 685 (7th Cir. 2004). That may be true. But Herron's interests diverge from the putative class in *Johnson*. She does not seek injunctive relief or damages on behalf of anyone but herself. And, because she intends to opt out, the monetary relief the *Johnson* plaintiffs seek will not benefit her. *Cf. id.* (considering plaintiffs in two derivative shareholder suits essentially the same because the corporation was "the true party in interest"); *Caminiti & Iatarola v. Behnke Warehousing, Inc.*, 962 F.2d 698, 700–01 (7th Cir.1992) (finding an estate and

4

a business to be substantially the same parties in disputes involving legal fees owed by the business where the estate owned one-fourth of the business).

GSB also cites several cases where district courts found federal BIPA actions parallel to pending state BIPA actions. *See Avila v. JDD Investment Co.*, No. 21 C 1917, 2021 WL 5905627, at *6-7 (N.D. Ill. Dec. 13, 2021); *Stinson v. LCS Community Employment LLC*, No. 20 CV 04603, 2021 WL 4978450, at *2 (N.D. Ill. Apr. 30, 2021). Yet, those cases involved class actions in both state and federal court with overlapping putative classes. Neither case involved the situation at bar: an individual plaintiff seeking to litigate her own claim in federal court separate from a putative class action in state court.

Herron has every right to pursue her BIPA claim on an individual basis. Issuing a stay because Herron has not yet had the chance to opt out would be inconsistent with this Court's "virtually unflagging obligation" to exercise the jurisdiction given to it. *Colorado River*, 424 U.S. at 817. Indeed, the only reason why this Court has occasion to consider a stay under *Colorado River* is because GSB removed this case to federal court in the first place. Had GSB remained in state court, GSB would, in all likelihood, be litigating both cases at the same time.

Ultimately, "any doubt regarding the parallel nature of the foreign suit should be resolved in favor of exercising jurisdiction." *In AAR Int'l, Inc. v. Nimelias Enters. S.A.*, 250 F.3d 510, 519–20 (7th Cir. 2001); *see also Moses H. Cone Mem'l Hosp.*, 460 U.S. at 28. The lack of certification of the putative class in *Johnson* and Herron's intent to opt out of any such class raise such a doubt here. The Court thus concludes

the cases are not parallel. Because the Court finds that *Colorado River* abstention is not warranted at the first step, the Court need not reach the second step. The Court therefore denies the motion to stay.

## Conclusion

For the foregoing reasons, the Court denies GSB's motion to stay the litigation. The parties shall confer and submit a proposed briefing schedule on GSB's motion to dismiss [51] by December 18, 2023.

ENTERED:

*Thomas M. Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: December 13, 2023